IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2517-WJM-KLM

STANLEY L. O'BANION,

    Plaintiff,

v.

ANDREW CIOLLI, and
ANDRE MATEVOUSIAN,

    Defendants.

## ORDER ADOPTING AS MODIFIED DECEMBER 14, 2022 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the December 14, 2022 Report and Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 98) that the Court grant Defendants Andre Matevousian and J.E. Krueger[1] (jointly, "Defendants") Motion for Summary Judgment (ECF No. 86) and enter judgment in favor of Defendants and against Plaintiff Stanley L. O'Banion. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed objections to the Recommendation ("Objection"). (ECF No. 101.) Defendants filed a response to the Objection

---

[1] Plaintiff's Complaint names J.E. Krueger and William True as defendants. (ECF No. 68.) However, Defendants state in their Motion for Summary Judgment that Defendants North Central Regional Director Barb Von Blanckensee and Warden William True no longer serve in those roles. (*See* ECF No. 86 at 1 n.1.) Their successors North Central Regional Director Andre Matevousian and Warden Andrew Ciolli are therefore "automatically substituted" as parties. Fed. R. Civ. P. 25(d). Therefore, Ciolli and Matevousian are "Defendants" here.

("Response"). (ECF No. 103.)

For the reasons set forth below, Plaintiff's Objection is overruled, and the Recommendation is adopted as modified.

## I. BACKGROUND[2]

Plaintiff is a *pro se* inmate at the United States Penitentiary–Administrative Maximum ("ADX") in Florence, Colorado. (ECF No. 98 at 2.) Defendant Matevousian is the warden of the ADX; Defendant Krueger is the Regional Director for the North Central Region of the Bureau of Prisons ("BOP"). (*Id.*)

In the Amended Complaint, Plaintiff sues both Defendants Kreuger and Matevousian in their official capacity, alleging a claim under the Fifth Amendment. (ECF No. 68.) This claim relates to Plaintiff's averment that he was denied hygiene items, *i.e.*, soap and toothpaste, pursuant to Defendants' alleged discontinuation of a "Congressionally legislated Federal benefit" to provide inmates with hygiene items within the BOP, including the Control Rooms and Special Housing Unit ("SHU") of the ADX. (ECF No. 98 at 2–3.) Further, Plaintiff alleges that his inmate trust account, which he refers to as his "prison account", was encumbered in July 2018, meaning that he could not buy such hygiene items. (*Id.*) Thus, Plaintiff seeks: (1) a declaration that his rights were violated, and (2) a permanent injunction ordering the provision of soap and toothpaste to Control Unit inmates at the ADX. (*Id.*)

**A.    ADX Inmate Bulletins**

In August 2018, the ADX issued an amended Inmate Bulletin regarding the

---

[2] The Background is taken from the Introduction and Material Facts sections of the Recommendation. (ECF No. 98 at 3–10.)

provision of hygiene products to inmates. That Bulletin stated that "[n]on-Indigent inmates may purchase hygiene items from the commissary," and that soap, toothpaste, and deodorant will be provided "each week to indigent inmates and those inmates with encumbered funds after review of their account." (*Id.* at 5.) On May 21, 2020, the Captain of the ADX issued an amendment to the August 2018 Inmate Bulletin providing that soap, toothpaste, and deodorant would be available upon request each week free of charge to all Control Unit and disciplinary segregation status inmates at the ADX ("May 2020 Inmate Bulletin"). (*Id.*)

Plaintiff did not receive hygiene items (meaning soap and toothpaste) for the following periods: (1) August 15–27, 2018; (2) October 17–27, 2018; (3) May 15–27, 2019; (4) March 31–April 8, 2020; (5) April 21–May 1, 2020; and (6) September 21–28, 2020. (*Id.*) Since September 28, 2020, Plaintiff has had access to hygiene items, including soap and toothpaste, on a regular basis. (*Id.*) Further, Plaintiff has not suffered any physical or mental injuries from the six occasions he did not receive hygiene items. (*Id.*)

**B.     ADX Units**

In February 2022, Plaintiff was placed in the J Unit, the intermediate step of the Step-Down Program. Plaintiff is currently in that Unit, a General Population Unit at the ADX. (*Id.* at 7.) If Plaintiff continues to follow institutional rules and regulations and participate in programming, it is expected that Plaintiff will continue progressing through the Step-Down Program and will not be moved back to the Control Unit. (*Id.* at 8.)

**C.     Plaintiff's Inmate Trust Fund Account**

As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting his or her legitimate financial obligations, known

3

as the Financial Responsibility Program.  (*Id.*)  The BOP can "encumber" funds in an inmate's trust account for failure to participate in the Financial Responsibility Program or to comply with the provisions of his financial plan.  (*Id.*)  "Encumbrance" is a transaction that temporarily places a hold on an inmate's available balance.  (*Id.*)  When an inmate's account is encumbered, he cannot access his trust account funds, including to purchase items from the commissary.  (*Id.*)

Plaintiff's inmate account was encumbered in July 2018 because he would not participate in the Financial Responsibility Program.  (*Id.*)  Plaintiff's inmate account was unencumbered in July 2021 after he agreed to participate in the Program, and it remains unencumbered.  (*Id.*)  Since July 2021, Plaintiff has been able to use funds from his inmate trust fund account to purchase items from the commissary.  (*Id.*)  He has purchased a variety of items, including soap and toothpaste.  (*Id.*)

## II. THE RECOMMENDATION

Under Article III's case or controversy requirement, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  (ECF No. 98 at 10.)  A case becomes constitutionally moot "when intervening acts destroy a party's legally cognizable interest in the outcome of adjudication."  *Tandy v. City of Wichita*, 380 F.3d 1277, 1290 (10th Cir. 2004).

A claim will be deemed constitutionally moot unless a "proper judicial resolution" would settle "some dispute which affects the behavior of the defendant toward the plaintiff."  *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (internal citation and quotation marks omitted).  Courts have no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot

affect the matter in issue in the case before it." *Navani v. Shahani*, 496 F.3d 1121, 1127 (10th Cir. 2007) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (other citations omitted)). "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (citation and quotation marks omitted). Put another way, a case becomes moot "when a plaintiff no longer suffers 'actual injury that can be redressed by a favorable judicial decision.'" *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). A party's legal interest in the outcome of the case must be "more than simply the satisfaction of a declaration that a person was wronged." *Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004).

Under these principles, courts hold that an inmate may not obtain prospective injunctive relief regarding "conditions at a facility where he is no longer housed and has not shown he is likely to be housed again." *Silverstein v. Fed. Bureau of Prisons*, 559 F. App'x 739, 751 (10th Cir. 2014). Thus, a conditions-of-confinement claim becomes moot when an inmate is no longer subject to those conditions because the courts are unable to provide effective relief. *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011).

**A.    Plaintiff's Claim Is Moot**

In the Recommendation, Judge Mix found that it is undisputed that Plaintiff is no longer housed in the Control Unit (or the SHU), but is a general population inmate. (ECF No. 98 at 11.) Plaintiff's claim for denial of hygiene items was limited to Control Unit inmates and those in the SHU, and his claim was tied to being in the Control Unit. (*Id.* at 12 (citing ECF No. 68 at 5–6).) Since Plaintiff has been transferred out of the Control Unit, he no longer has a cognizable interest in the relief he seeks, and he cannot seek it for other Control Unit inmates.

5

Judge Mix found that Plaintiff's claim is also moot because the May 2020 Inmate Bulletin provides Plaintiff with the relief he requested, as it provides Control Unit inmates with hygiene items free of charge upon request. (*Id.*) She specifically pointed out that Plaintiff does not dispute that he received hygiene items after May 20, 2020, which is the basis of his claim. (*Id.* at 12–13.)

Plaintiff's claim for injunctive relief also fails because the prospective relief he seeks would not redress any harm to him. (*Id.* at 13.) Injunctive relief can be obtained only for current or prospective injury. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 n.6 (10th Cir. 2005). A plaintiff "seeking prospective relief must show more than past harm or speculative future harm." *Lippoldt v. Cole*, 468 F.3d 1204, 1217 (10th Cir. 2006) (internal citation and marks omitted). An injunction cannot "'be granted against something merely feared as liable to occur at some indefinite time in the future.'" *Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1197-98 (D. Colo. 2009) (quotation omitted). Since Defendants are no longer engaging in the challenged conduct as to Plaintiff, Judge Mix determined that his injunctive relief claim is no longer appropriate. (ECF No. 98 at 13.)

**B.     The Voluntary Cessation Exception Does Not Apply**

Courts have recognized an exception to the mootness doctrine, when the defendant has voluntarily ceased a challenged practice that the defendant may resume at any time. *See Rio Grande Silvery Minnow v. Bureau of Recl.*, 601 F.3d 1096, 1115 (10th Cir. 2010). Thus, voluntary cessation will "moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." *Rio Grande*, 601 F.3d at 1115.

Judge Mix reasoned that the voluntary cessation doctrine does not apply because "'there is no reasonable expectation that the alleged violation will recur.'"

6

*Conkleton v. Zavaras*, 527 F. App'x 750, 753 (10th Cir. 2013) (quotation omitted). She found that Plaintiff's averment that he "can be placed in the C-Unit (formerly the SHU)" "at any time, for any reason, without a hearing" was not supported by the record and, thus, did not create a material dispute of fact. (ECF No. 98 at 14.) She further concluded that Plaintiff's assertion was merely speculative, as was his assertion that he may again be denied hygiene items. (*Id.*) For support, she noted that the May 2020 Inmate Bulletin has been in place for two years and provides a "secure foundation for mootness" that appears to be genuine. (*Id.*) Moreover, she concluded that Plaintiff presented no evidence by which the Court could plausibly determine that the May 2020 Inmate Bulletin which made hygiene items available upon request each week free of charge was done simply to deprive the Court of jurisdiction. (*Id.* at 15.)

Based on the foregoing, Judge Mix found that Plaintiff's claim is moot under the constitutional mootness doctrine and that the voluntary cessation exception to mootness does not apply. (*Id.*) She further found that Plaintiff's claim for injunctive relief must be dismissed because Defendants are no longer engaging in the challenged conduct as to Plaintiff. (*Id.*)

C.     **Plaintiff's Rule 56(d) Request for Discovery**

In the Recommendation, Judge Mix addressed Plaintiff's request for discovery under Rule 56(d) before the Court rules on his Motion for Summary Judgment. (*Id.* at 16.) Plaintiff asserted that Defendants are being evasive with respect to his discovery requests and withholding documents that will provide the intent of the denial of hygiene. (*Id.*) However, Judge Mix denied his request for discovery, stating that the intent of Defendants regarding denial of hygiene is not relevant to and does not impact the mootness issue and is thus not necessary to resolve the Motion for Summary

7

Judgment. Moreover, Plaintiff is no longer housed in the Control Unit or the SHU, so Judge Mix concluded that his claim is moot as to that issue. Finally, she noted that the request for discovery was not made in the Declaration that was part of Plaintiff's response (ECF No. 96) and thus does not comply with Rule 56(d)'s requirements which require that the nonmovant must show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. (ECF No. 98 at 16–17.)

## III. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive

8

further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### IV. ANALYSIS

In the Recommendation, Judge Mix found that Plaintiff's claim was moot for two reasons: (1) he has been transferred out of the Control Unit and no longer has a cognizable interest in the relief he seeks, nor can he seek such relief on behalf of current Control Unit inmates; and (2) the May 2020 Inmate Bulletin provided Plaintiff's requested relief—provision of hygiene items to Control Unit inmates free of charge upon request. In the Objection, Plaintiff does not dispute that he has been moved out of the Control Unit, and he does not provide any evidence to support his contention that the May 2020 Inmate Bulletin does not provide Control Unit inmates hygiene items free of charge upon request. Nonetheless, Plaintiff makes numerous arguments in the Objection, which the Court addresses in turn.

**Alterations to Federal Statute:** First, Plaintiff appears to reiterate an argument that Judge Mix addressed in the Recommendation, namely that the May 21, 2020 amendment to the 2018 Bulletin providing that soap, toothpaste, and deodorant would be available upon request each week free of charge to all Control Unit and disciplinary status inmates at ADX is a change or amendment to a federal statute. (ECF No. 102 at

9

3–4.)  Plaintiff notes that Defendants point out that the change was "merely made in an Inmate Bulletin and did not alter any federal statute." (*Id.* at 4.)  To the extent Plaintiff takes issue with Defendants' purported amendment to any federal statute, the Court overrules this objection, as the changes to the Inmate Bulletin did not amend any federal statutes.

**Standard of Review and Rule 56(d) Discovery Requests:**  Next, Plaintiff responds or objects to the "Standard of Review" section of the Recommendation and argues that a "court should not grant summary judgment against a party who has not had an opportunity to pursue discovery or whose discovery requests have not been answered." (*Id.* at 4.)  In the Response, Defendants point out that Plaintiff fails to identify specifically what discovery he contends he did not receive during discovery or how the discovery he now seeks would be relevant to the motion, nor does he provide a declaration in compliance with Rule 56(d).  (ECF No. 103 at 9.)  Plaintiff does not explain how his request for access to the BOP operating budget is relevant to whether his claim is moot.  (*Id.*)

Despite Plaintiff's arguments concerning his discovery requests, the Court overrules them, as it finds that Judge Mix properly articulated the standard of review in the Recommendation, and it agrees with the analysis in the Recommendation that no additional discovery is required to resolve the motion for summary judgment.

**Housing in Control Unit:**  Plaintiff appears to assert that due to developments in a case involving his criminal conviction, he will "be transferred for re-sentencing," and "will have to begin the step-down phase from beginning, which means Plaintiff will be returned to the C-unit." (*Id.* at 7.)  The Court concludes that to the extent Plaintiff is

arguing that his claim is no longer moot because he might be returned to the C-unit, also referred to in the Recommendation as the Control Unit, his argument is without merit.

He does not dispute that he is currently in a general population unit. Defendants point out in their Response that Plaintiff filed a notice of change of address with the Court indicating that he is housed at the USP, instead of the ADX. (ECF No. 103 at 6.) Accordingly, it is undisputed that he is not housed at the Control Unit in the ADX, the subject of his claim. Additionally, Plaintiff's statements that he will be returned to the Control Unit are mere speculation. The Court agrees with Defendants' observation that it is "unclear how Plaintiff's resentencing, which is the result of several of his charges being *vacated*, would result in his assignment to the ADX Control Unit." (*Id.* at 7 (emphasis in original).) Therefore, Plaintiff's Objection on this issue is overruled.

**May 2020 Inmate Bulletin and Voluntary Cessation Exception:** In the Recommendation, Judge Mix found that Plaintiff's claim is "also moot because the May 2020 Inmate Bulletin provides Plaintiff with the relief he requested, as it provides Control Unit inmates with hygiene items free of charge upon request." (ECF No. 98 at 12.) Plaintiff objects that the May 2020 Inmate Bulletin was "to evade judicial review, no doubt." (ECF No. 102 at 8.) The Court has reviewed the remainder of Plaintiff's objections related to voluntary cessation, where he makes some confusing assertions about being moved from B-unit to the Control Unit without explanation. (*Id.* at 8–9.)

Upon review, the Court finds that Plaintiff's objections do not support rejecting the Recommendation. In the Response, Defendants point to evidence that shows that in the two years after the implementation of the May 2020 Inmate Bulletin, Plaintiff

11

received hygiene items as a Control Unit inmate. (ECF No. 103 at 8 (citing ECF No. 86 ¶¶ 3–4, 17).) Moreover, Plaintiff does not provide evidence—merely conclusory statements and speculation—to suggest that Control Unit inmates are not receiving hygiene items under the May 2020 Inmate Bulletin. The Court agrees with Judge Mix's findings that the voluntary cessation exception to mootness does not apply and overrules Plaintiff's Objection on this issue.

Given the foregoing, the Court adopts that portion of the Recommendation that recommends granting the Motion for Summary Judgment and enters judgment as stated below.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 101) is OVERRULED;
2. The Report and Recommendation (ECF No. 98) is ADOPTED as modified;
3. Defendants' Motion for Summary Judgment (ECF No. 86) is GRANTED;
4. This case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, given the constitutional mootness of Plaintiff's claim;
5. Each party shall bear its own fees and costs; and
6. The Clerk is DIRECTED to enter judgment in accordance with this Order and terminate this case.

Dated this 17th day of March, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge